IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNY LEON STEWART                                                                              PLAINTIFF

v.                                    Civil No. 06-5171

SHERIFF TIM HELDER;
DR. HOWARD; NURSE
RHONDA BRADLEY; and
NURSE SUSAN JOHNSON                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Danny Leon Stewart filed this civil rights action on September 15, 2006. He proceeds pro se and *in forma pauperis*.

When he filed the action, plaintiff was incarcerated at the Washington County Detention Center (Doc. 1). According to information available on the Arkansas JusticeXchange website, www.justicexchange.com, plaintiff was released from the detention center on November 4, 2006. Plaintiff did not inform the court of the change in his address. The court obtained the home address he provided the detention center upon being booked in and utilizing this address entered a change of address on the plaintiff's behalf (Doc. 12).

On January 15, 2007, the defendants' filed a motion to dismiss (Doc. 13). In their motion, defendants indicate plaintiff has failed to respond to the discovery requests. Defendants indicate they have been unable to correspond with the plaintiff regarding his past due discovery responses because all mail sent to the plaintiff first at the Washington County Detention Center and then at the address entered as a change of address on January 4, 2007 (Doc. 12) has been returned as undeliverable.

A show cause order was then entered (Doc. 16) giving plaintiff until February 5, 2007, to show cause why this action should not be dismissed based on his failure to comply with an order of this court and his failure to prosecute this action. No response to the show cause order has been made. Plaintiff has not communicated with the court in anyway.

I therefore recommend that this case be dismissed based on plaintiff's failure to obey the orders of the court and his failure to prosecute this action. Fed. R. Civ. P. 41. **The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE